IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES H. SHORTZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:19-cv-840-ALB-JTA |
| | ) | |
| CITY OF PHENIX CITY, | ) | |
| ALABAMA, *et al*., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the court are the plaintiff's Requests for Injunctive Relief (Docs. No. 12, 15) and the defendants' response in opposition thereto (Doc. No. 14).  This action was referred to the undersigned for consideration and disposition or recommendation on all pretrial matters as may be appropriate pursuant to 28 U.S.C. § 636.  (Doc. No. 8.)

The plaintiff filed this lawsuit on October 31, 2019, alleging numerous claims against the named defendants relating to the demolition of property, located at 711 24th Avenue in Phenix City, Alabama, that has been declared a public nuisance.  (*See* Doc. No. 1.)  On February 20, 2020, the plaintiff filed a motion requesting injunctive relief asserting that he was threatened with arrest by Defendant Gil Griffith if he interfered with the demolition of the property.  (Doc. No. 12.)  Plaintiff requests injunctive relief "from the cruel, harsh and unreasonable burden [the] Phenix City government wields against [him], against [his] property and against the property [at issue]."  (*Id*. at 2.)  On May 15, 2020,

Plaintiff filed a second request for injunctive relief with "further evidence of Defendants' maliciousness."  (Doc. No. 15.)

Before a court will grant a motion for a preliminary injunction, the moving party must show:

> (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered unless the injunction issues; (3) that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party, and (4) that if issued the injunction would not be adverse to the public interest.

*All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (citation omitted).  "Preliminary injunctions are issued when drastic relief is necessary to preserve the status quo."  *Id.* (citations omitted).

The court recognizes that the plaintiff is proceeding *pro se*.  Thus, his motions and Complaint are more leniently construed and "held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations and internal quotation marks omitted).  This leniency, however, does not excuse a plaintiff from making the showing required to obtain injunctive relief.  The court notes that the plaintiff has requested injunctive relief, however he has not set forth any basis for the court to grant such relief.  In any event, having carefully reviewed the motions and the Complaint, the court finds that the plaintiff has failed to allege sufficient facts to demonstrate a substantial likelihood of success on the merits of any of his claims.  Since the plaintiff has failed on the most important of the requisites to a grant of a preliminary injunction, the court finds that the plaintiff is not entitled to preliminary injunctive relief.

Accordingly, it is the RECOMMENDATION of the undersigned that the plaintiff's motions for injunctive relief (Docs. No. 12, 15) be DENIED.  It is further

ORDERED that **on or before July 21, 2020**, Plaintiff may file objections to this Recommendation.  Plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made.  Plaintiff is advised that frivolous, conclusive, or general objections to the Recommendation will not be considered.  This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and legal conclusions set forth in the Recommendations of the Magistrate Judge in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of these legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 6th day of July, 2020.

/s/ Jerusha T. Adams
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE