IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JAMES H. SHORTZ, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) CASE NO. 3:19-cv-840-RAH-JTA |
| CITY OF PHENIX CITY, ALABAMA, *et al.*, | ) ) ) ) |
| Defendants. | ) |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff James H. Shortz, appearing *pro se*, brings this 42 U.S.C. § 1983 action against five separate defendants.[1] This action was referred to the undersigned for consideration and disposition or recommendation on all pretrial matters as may be appropriate pursuant to 28 U.S.C. § 636. (Doc. No. 8.)

This cause presently is before the court on Defendants' Amended and Renewed Motion to Dismiss. (Doc. No. 26.) For the reasons stated herein, the Magistrate Judge finds that the motion to dismiss is due to be GRANTED.

### I.   STANDARD OF REVIEW

When evaluating a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must take the facts alleged in the complaint as true and construe them in the light most favorable to the plaintiff. *See Resmick v. AvMed, Inc.*, 693 F.3d 1317,

---

[1] The Complaint alleges "the jurisdiction of this Court is invoked pursuant to the act of Congress known as 28 U.S.C. § 1330, 1331, 1343, 2201, 2202; 42 U.S.C. 1981, 1983 et seq."). (Doc. No. 20 at ¶ 1.) However, under the title "Causes of Action," Plaintiff only refers to 42 U.S.C. § 1983. (*Id*. at 2.)

1321–22 (11th Cir. 2012).  To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555.  While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 555, 557).  In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" *Twombly*, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, a plaintiff's *pro se* status must be considered when evaluating the sufficiency of a complaint.  "A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  Although the court is required to liberally construe a *pro se* litigant's pleadings, the court does not have "license to serve as

2

*de facto* counsel for a party . . . or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Inv., Inc. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted) (overruled on other grounds by *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)); *see also Giles v. Wal-Mart Distrib. Ctr.*, 359 F. App'x 91, 93 (11th Cir. 2009) (internal citations and quotation omitted). A *pro se* complaint still must allege factual allegations that "raise a right to relief above the speculative level." *Saunders v. Duke*, 766 F.3d 1262, 1266 (11th Cir. 2014) (quoting *Twombly*, 550 U.S. at 555).

## II. DISCUSSION

On October 31, 2019, Plaintiff filed this suit alleging violations of his civil rights pursuant to 42 U.S.C. § 1983 and named as defendants Eddie Lowe, John Downs, Gil Griffith, Wallace Hunter, and the City of Phenix City, Alabama (collectively "Defendants"). (Doc. No. 1.) On November 26, 2019, Defendants filed a Motion to Dismiss (Doc. No. 6), to which Plaintiff filed a response (Doc. No. 11). Upon review of the record, the undersigned explained in an Order issued on July 6, 2020, that "Plaintiff's Complaint establishes that it is the prototypical example of a 'shotgun pleading' that does not comply with the Federal Rules of Civil Procedure." (Doc. No. 17 at 1.) After a thorough discussion regarding the deficiencies found within Plaintiff's Complaint, the court ordered Plaintiff to file an amended complaint and provided him with an enumerated list of changes that are required to cure the pleading deficiencies. (*Id.* at 6–7.) Plaintiff was specifically cautioned that his failure to comply with the court's directives could result in the dismissal of his case. (*Id.* at 7.) Plaintiff was furthered advised "that the amended complaint will supersede the initial complaint. Thus, the court will consider **only those**

**claims set forth in the amended complaint and the defendants named in the amended complaint**." (*Id.* at 8) (emphasis in original).

Plaintiff timely filed his Amended Complaint on July 21, 2020. (Doc. No. 20.) On August 24, 2020, Defendants filed their Amended and Renewed Motion to Dismiss, arguing that Plaintiff lacks standing to bring his claims and "has failed to state a claim pursuant to Fed. R. Civ. P. 12(b)(6)." (Doc. No. 26 at 1.)

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that each factual allegation be "simple, concise, and direct." Fed. R. Civ. P. 8(a)(2) & (d)(1). "The point [of Rule 8] is to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Harrison v. Benchmark Electr. Huntsville, Inc.*, 593 F.3d 1206, 1214 (11th Cir. 2010) (internal quotations omitted). Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Accordingly, the court may "insist upon some specificity in [the] pleading before allowing" the complaint to survive a motion to dismiss. *Twombly*, 550 U.S. at 558. Courts have certainly provided such insistence in the context of § 1983 claims:

> [W]ith respect to § 1983 cases, we require plaintiffs to allege with specificity the facts upon which a claim is based "in an effort to weed out nonmeritorious claims." *See Keating,* 598 F.3d at 762–63 (internal quotation marks omitted). In other words, "in a § 1983 action, 'a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" *See id.* at 763; (*quoting Ashcroft v. Iqbal,* 556 U.S. 662, 676, 129 S. Ct. 1937, 1948, 173 L. Ed. 2d 868 (2009)).

4

*Cabbil v. McKenzie*, 595 F. App'x 843, 847 (11th Cir. 2014).  Further, Rule 10 requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).  Rules 8 and 10 work together and "require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, [and] the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted[.]" *Fikes v. City of Daphne*, 79 F.3d 1079, 1082 (11th Cir. 1996) (quoting *T.D.S. v. Shelby Mut. Ins. Co.*, 760 F.2d 1520, 1543 n.14 (11th Cir. 1985) (Tjoflat, J., dissenting)).  Plaintiff's Amended Complaint still fails to comply with these rules.

Here, Plaintiff failed to heed the court's advice that the amended complaint will supersede the initial complaint and the court will "consider **only those claims set forth in the amended complaint and the defendants named in the amended complaint**." (Doc. No. 17 at 8.)  Rather, Plaintiff asserts that the court "acknowledged" his original Complaint in its Order of July 6, 2020, thus he opted to simply provide seven pages of additional, albeit similar, argument.  (Doc. No. 20 at 1.)

Next, Plaintiff failed to cure any of the deficiencies identified in the court's Order (Doc. No. 17 at 2–7), and the Amended Complaint retains its status as a "shotgun" complaint.  The composition of Plaintiff's Amended Complaint is virtually identical to his original Complaint.  For example, Plaintiff discusses, at length, a system of white supremacy dating back to his childhood, asserts that there are "perverts" and "predators" preying upon the African-American communities and even goes so far as identifying

5

Defendants as such, quotes a selection of bible verses, attacks the unfavorable outcome of a previous case filed by Plaintiff, and requests this court to compel law enforcement to investigate and prosecute a criminal statute. (Doc. No. 20.) Further, Plaintiff has still failed to allege the basis for federal jurisdiction and the supporting facts; failed to identify the specific constitutional violations alleged and the supporting facts; failed to provide simple, clear, and concise allegations of fact showing that he is entitled to relief; failed to set forth his causes of action in separate counts; failed to clearly indicate which specific factual allegations provide support for each count; and failed to clearly identify each defendants' alleged acts or omissions in each count.[2] In fact, Plaintiff's Amended Complaint actually took a step backward as it does not provide a clear prayer for relief, omitted all facts related to the declaration of the structure and property as a public nuisance and the demolition thereof, and failed to attach the previously submitted exhibits.

---

[2] In their motion to dismiss, Defendants raise the issue of standing by alleging that Plaintiff does not have an ownership interest in the property in question, thus he lacks standing to bring his claims regarding the condemnation of the property and its demolition. (Doc. No. 26 at 4–5.) Plaintiff attached the May 15, 2018, meeting minutes for the City Council of the City of Phenix City, Alabama, to his complaint which relates to his appeal of the condemnation of the property located at 711 24th Avenue. (Doc. No. 1-1 at 1.) City Attorney Jimmy Graham stated that the property was purchased in 1962 by the trustees of Ebenezer Baptist Church (Samuel L. Shortz, Louie Shortz, and Walter C. Osby), but the city obtained the property in 1984 due to an unpaid paving assessment. *Id.* However, in 2005, "the City of Phenix City passed a resolution authorizing the Mayor and City Manager to deed the property back to the church trustees." *Id.* Plaintiff attached a copy of the City's 2005 resolution. (Doc. No. 20-1.) City Attorney Graham further stated that although the deed was recorded, the deed was never transferred back to the trustees of Ebenezer Baptist Church because the church no longer exists and there has not been water, electricity, or sewage services since March 2011. (Doc. No. 1-1 at 1.) Plaintiff also attached a 2007 Russell County Real and Personal Property Affidavit to Claim Exemption for Homestead form addressed to Ebenezer Baptist Church in the care of Samuel Shortz that Plaintiff had signed. (Doc. No. 20-1.) Plaintiff has not provided the court with the requested recorded deed that would indicate he has an ownership interest in the property. Thus, Plaintiff failed to sufficiently comply with the order of this court, and the court remains unable to determine whether Plaintiff has an ownership interest in the property.

In *Giles v. Wal-Mart Stores East, L.P.*, the court ordered a more definite statement and provided very similar instructions and warnings as this court provided in this case. No. 3:09-CV-18 (CDL), 2009 WL 10676835, at *1 (M.D. Ga. Aug. 17, 2009), *aff'd sub nom. Giles v. Wal-Mart Distribution Ctr.*, 359 F. App'x 91 (11th Cir. 2009). Similar to Plaintiff in this case, the plaintiff in *Giles* timely filed a more definite statement as ordered; however, the court found that the plaintiff still failed to meet his "duty to conform its pleadings with the Federal Rules of Civil Procedure and the orders of this Court." *Id.* Due to the plaintiff's failure to comply with the court's order, the court held that the defendant "cannot reasonably be expected to frame a response to Plaintiff's Complaint." *Id.* The court granted the defendant's motion to dismiss and dismissed the plaintiff's complaint, which the plaintiff appealed. *Id.*

On appeal, the Eleventh Circuit found that, "despite guidance from the district court on how to cure the deficiencies in his complaint and a clear warning that noncompliance would be cause for dismissal, [the plaintiff] did not comply with the district court's order to file an amended complaint in conformity with the requirements of Rules 8 and 10." *Giles*, 359 F. App'x at 93. The Eleventh Circuit noted that, instead, the plaintiff filed a substantively identical complaint, with only minimal attempts to conform the complaint to the federal rules, that "consisted of a rambling personal narrative" of the plaintiff's complaints that "suggested numerous possible claims." *Id.* at *1. The plaintiff argued that the district court should "'overlook the fact that [he] was unable to fill out a Complaint correctly" and reach the merits of his claim; however, the Eleventh Circuit found this argument "meritless." *Id.* at *2 ("Although '*pro se* pleadings are held to a less strict

7

standard than pleadings filed by lawyers and thus are construed liberally,' this liberal construction 'does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action.'") *Id.* (internal citations omitted).  The Eleventh Circuit held that the "district court did not abuse its discretion in dismissing the amended complaint" and concluded that "[e]ven a *pro se* litigant is required to comply with the Federal Rules of Civil Procedure, particularly after being expressly directed to do so." *Id.*; *see also Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1358–59 (11th Cir. 2018) (holding that the even though the district court dismissed the amended complaint on its merits, it would not have abused its discretion had it dismissed the amended complaint with prejudice after the plaintiffs amended complaint retained the same defects that made it a shotgun complaint).

Here, Plaintiff was provided fair notice of the defects contained within his Complaint and was provided a meaningful opportunity to remedy the defects identified by the Court.  (Doc. Nos. 6, 17).  *See also Jackson*, 898 F.3d at 1358 (stating that "the key is whether the plaintiff had fair notice of the defects and a meaningful chance to fix them" and that fair notice can be found where the pleading deficiencies have been clearly outlined by the defendant or the court).  As Plaintiff has failed to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure, Defendants "cannot reasonably be expected to frame a response to Plaintiff's [Amended] Complaint."  *See Giles*, 2009 WL 10676835, at *1. Accordingly, Defendants' Amended and Renewed Motion to Dismiss is due to be granted.

### III. CONCLUSION

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that the Amended and Renewed Motion to Dismiss (Doc. 26) be GRANTED and that this case be DISMISSED without prejudice. It is further

ORDERED that Plaintiff may file any objections to this Recommendation **on or before March 15, 2021**. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of "plain error if necessary in the interests of justice." 11th Cir. R. 3-1; *see Resolution Tr. Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993)("When the magistrate provides such notice and a party still fails to object to the findings of fact and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 26th day of February, 2021.

/s/ Jerusha T. Adams
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE